IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 14-2771 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| **TERRANCE JULIAN,** | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE BY THE UNITED STATES
## TO THE DEFENDANT'S SENTENCING MEMORANDUM

The United States has reviewed the sentencing memorandum filed by the Defendant in the above-captioned case. This memorandum requests that this Honorable Court accept the plea agreement entered by the Defendant on November 26, 2014, and to respectfully deny the Defendant's request for a variance.

As an initial matter, the United States has no objections to the facts as set forth in the pre-sentence report. The pre-sentence report disclosed on January 28, 2015, correctly calculated the applicable offense level and criminal history relevant to the Defendant: The Defendant's adjusted total offense level, with acceptance, stands at 15. PSR ¶28. His criminal history category is 0. PSR ¶ 33. The term of supervised release is not more than 3 years. PSR ¶ 65.

Through the matrix of 18 U.S.C. § 3553 the Defendant, based on the nature and circumstances of this offense and the characteristics of the Defendant, requests the consideration of a sentence of 12 months, reduced from 18-24 months of incarceration. The sentencing factors

outlined by § 3553 and the sequence of facts pertinent to this case do not support that consideration.

Although the PSR correctly outlines two prior arrests for domestic violence related offenses, it doesn't represent instances where the police were never contacted. One such instance Jane Doe describes being stabbed by the Defendant in the leg with a utility knife. Only after the wound became infected did she go to the hospital with the Defendant, who helped her come up with the story that she accidentally cut herself while cleaning an elk. Unfortunately, Jane Doe's situation is all too common when it comes to being victimized and manipulated to the point of taking on responsibility for their abusive spouses actions. It was clear from the onset of this case that Jane Doe struggles with the concept of staying with the Defendant, in light of everything that he has done to her. The PSR reflects the unfortunate consequences of what victims of abuse face such as: single motherhood, lack of financial resources, harassment from the Defendant's family, and ultimately the pressure to make the marriage work. All of these hardships are the product of the mercenary actions of the Defendant, actions that desecrate the meaning of being a husband and father. One of the exhibits that was provided by the Defendant is from a family member who says they want Jane Doe out of his life, and then imply that she is the reason he is incarcerated. Unfortunately, this type of support only further disregards the history of abuse that has taken place, and the serious nature of what happened during the incident that is before the Court.

The Government acknowledges that the Defendant took timely responsibility for his actions. In doing so the Government made considerable concessions, most significantly dismissing count 2 of the indictment. The difficulties associated with the case arise in the context of the evidence obtained from the investigation. There were zero pictures taken and there were

issues with the evidence that was collected or not collected from the incident. In addition, forcing Jane Doe to testify to what happened shouldn't always be the preferred outcome to what would have otherwise been an indeterminate trial dynamic.

The dynamic of the agreement has created a bilateral benefit of some mutual concessions, and value afforded to the Defendant. There is no case that arranges itself without flaws and this case, with its associated imperfections, is not a case that is flawless. However, the variance that has been requested is unwarranted, and doesn't reflect the seriousness of an offense where a husband, grabs a rifle, threatens his wife with the rifle, and eventually strikes her with the rifle. Those that advocate in the field of domestic violence would consider this incident a red flag for what the Defendant is capable, or willing to do to his significant other. A sentence within the advisory range would reflect the serious nature of the Defendant's actions.

The United States respectfully submits that a sentence of incarceration within the United States Sentencing Guidelines range would sufficiently satisfy the sentencing objectives set forth by § 3553 as it would particularly reflect the seriousness of the offense, afford adequate deterrence to similar future criminal conduct, and would avoid unwarranted sentence disparities among defendants with similar records who have been and will be found guilty of similar conduct.

To not shed some optimism on this case would underestimate what the judicial process is capable of accomplishing. Somewhere within, based on patterns from the Defendant that he has occasionally shown in the community, he is capable of being a great person, and a great father. He can be sober, and he can treat those around him with respect. It is with great hope and expectation, that accountability for his actions, incarceration to deter it from happening again,

and counseling and treatment to help him deal with his disease, will help the Defendant reintegrate back into the community where is capable of being a good standing member.

Wherefore, for the reasons described above, the United States respectfully requests that this Honorable Court accept the plea agreement in the above-captioned matter and sentence the Defendant to a sentence that is fair and just.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney


_____/s/_____
DAVID ADAMS
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM  87103
(505) 224-1486

I hereby certify that on March 25, 2015, the foregoing was filed electronically through the CM/ECF system, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


_____/s/_____
DAVID ADAMS
Assistant United States Attorney